UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



-------------------------------------------------

GREGORY WILLIAMS

Plaintiff,

Against

Index No.:

**COMPLAINT**

THE CITY OF NEW YORK AND OFFICER VAN PELT
DOES 1-10

Defendant(s)

-------------------------------------------------

SUMMONS ISSUED

TAKE NOTICE, the Plaintiff, GREGORY WILLIAMS hereby appears in this action by

his attorneys, The Umoh Law Firm, PLLC., and demands that all papers be served upon him, at

the address below, in this matter.

Plaintiff, Gregory Williams, by his attorney, Nkereuwem Umoh Esq., complaining of the

defendants, The City of New York and Officer Van Pelt, collectively referred to as the

Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under

color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights,

privileges, and immunities secured to the plaintiff by the First, Fourth, Eighth and

Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C.

§ 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2.    This is an action to further seek compensation for the serious and permanent personal

injuries sustained by the plaintiff, as a result of the negligence of the defendants,

perpetrated while said defendant officers were in the process of illegally and unlawfully

arresting plaintiff.

## JURISDICTION

3.     The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the First, Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4.     All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5.     As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6.     Plaintiff Gregory Williams is a resident of the State of New York.

7.     Officer Van Pelt is, and at all times relevant to this action were, employees of the City of New York and the New York City Police Department and acting under color of state law. Said officer is being sued in both their individual and official capacities.

8.     Defendant Officers Doe are unknown officers for the City of New York, acting under color of state law.  They are being sued in both their individual and official capacity.

9. The Defendant, City of New York is a municipality in the State of New York and employs the Defendant Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On or about July 22, 2011 at approximately 2:00- 3:00 PM, while sitting on the steps of 1821 Pitkin Avenue Brooklyn NY 11212 Plaintiff was approached by three (3) officers.

11. Plaintiff was sitting on the steps and noticed that a NYPD car drove pass him at the premises then turned around and drove back again several times.

12. Within minutes of noticing the NYPD car drive by the car stopped and the officers got out of the car and approached the plaintiff.

13. The officers then asked plaintiff what he was doing and plaintiff replied getting some air. The Officers then asked plaintiff if he resided at the premises and plaintiff responded that he did reside there.

14. Plaintiff was then asked for his identification card and plaintiff produced it to the officer.

15. Plaintiff was then asked to remove his hands from his pockets and plaintiff complied when officer Van Pelt accused plaintiff of swallowing crack.

16. Plaintiff at no time in the confrontation placed his hands near his mouth neither did plaintiff have any crack in his possession.

17. Officer Van Pelt then asked plaintiff to turn around and placed the handcuffs on plaintiff with plaintiff's hand behind his back.

18. Officer Van Pelt then dragged plaintiff to the NYPD car and placed him in the backseat of the car and then Officer Van Pelt got in the backseat with plaintiff and began to punch plaintiff in the face and the side of the head. Plaintiff was also choked while being

punched.

19. Officer Van Pelt cursed and yelled at plaintiff and continued to punch him after about 12 punches officer Van Pelt got off of Plaintiff and got in the passenger side of the car and plaintiff was taken to the precinct.

20. As Plaintiff was taken into the precinct, officer Van Pelt told Plaintiff he better not say anything just shut up and go through the process.

21. Plaintiff was then slammed into the precinct door and the wall as he entered the precinct.

22. Plaintiff suffered injuries to his face, eye and ear. Plaintiff had to be taken to the emergency due to the severity of his injuries from the hands of NYPD officers.

23. At no time did plaintiff commit any offense to warrant said treatment.

24. As a direct and proximate result of defendants' actions, plaintiff suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

25. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

26. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

27. Defendant City of New York, as a matter of policy and practice, has with deliberate

indifference failed to properly sanction or discipline officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing correctional officers including defendants in this case, to engage in unlawful conduct.

28. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other officers thereby causing and encouraging officers including defendants in this case, to engage in unlawful conduct.

29. Defendant City of New York, as a matter of policy and practice, conceals reports of violence and other constitutional violations of inmates by other officers thereby causing and encouraging officers including defendants in this case, to engage in unlawful conduct.

30. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

31. By these actions, defendants have deprived plaintiff of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

32. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## **FIRST CAUSE OF ACTION:**

**42 U.S.C Section 1983-against all Defendant**

**False arrest**

33. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

34. By stopping and arresting Gregory Williams, without justification, probable cause or reasonable suspicion, defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

## SECOND CAUSE OF ACTION:

**42 U.S.C Section 1983-against all Defendant**

**Excessive Force**

35. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

36. By assaulting and battering Gregory Williams, without justification, probable cause or reasonable suspicion, defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

## THIRD CAUSE OF ACTION

**42 U.S.C Section 1983-against all Defendant**

**Malicious Prosecution**

37. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth

below.

38. By prosecuting Gregory Williams, without justification, probable cause or reasonable suspicion, and with knowledge that plaintiff had not committed a crime, defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

## FOURTH CAUSE OF ACTION

### 42 U.S.C Section 1983-against all Defendant

### Conspiracy

39. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the First, Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

40. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as Corrections Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## FIFTH CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12 against all Defendants

42. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

43. By using excessive force without probable cause or reasonable suspicion, using excessive force, and assaulting his, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

44. In addition, the Defendant Officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

45. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as Correctional Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

46. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendants, as employer, are, is responsible for their wrongdoing under the doctrine of respondent superior.

47. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

## SIXTH CAUSE OF ACTION:

Assault and Battery—City of New York and Officer Van Pelt

48. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

49. In physically assaulting, threatening and intimidating plaintiff, the Defendants Officers, acting in their capacities as Police Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

50. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## SEVENTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

51. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

52. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

53. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish, which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

54. Defendants, their officers, agent's servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the doctrine of respondent superior.

55. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## NINTH CAUSE OF ACTION:

Negligent Retention of Employment Services-against the City of New York.

56. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

57. Upon information and belief, defendants, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

58. Upon information and belief, defendants owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

59. Upon information and belief, defendants knew or should have known through the exercise of reasonable diligence that their employees were not prudent.

60. Upon information and belief, defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiff's injuries.

61. Upon information and belief, because of the defendant's negligent hiring and retention of the aforementioned Defendants, Plaintiff incurred significant and lasting injuries.

## TENTH CAUSE OF ACTION:

Negligence against all Defendants.

62. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

63. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

64. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries,

became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as she was forced to, and are still forced to expend sums of money on medical treatment; that he was deprived of his pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent.

65. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## ELEVENTH CAUSE OF ACTION:

Negligence Infliction of Emotional Distress
against all Defendants.

66. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

67. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

68. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as she was forced to, and are still forced to expend sums of money on medical treatment; that he was deprived of his pursuits and interests and verily believes that in the future he will

continue to be deprived of such pursuits; and that said injuries are permanent.

69. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## TWELFTH CAUSE OF ACTION:
## Denial of a Fair Trial

42 U.S.C Section 1983-against all Defendants.

70. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

71. By the actions alleged above, and instituting this action and continuing the prosecution of this action, the defendants, without justification, probable cause, denied plaintiff a fair trial, and deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

72. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as Corrections Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

73. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1.  On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2.  On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3.  On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4.  On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

5.  On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

6.  On the Sixth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

7.  On the Seventh Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

8.  On the Eighth Cause of Action, against all defendants, compensatory damages in an

Williams/ Civ./ Summ. And Complaint .                                    **Page 13**

amount to be determined at trial; and

9.  On the Ninth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

10. On the Tenth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

11. On the Eleventh Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

12. On the Twelfth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

13. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

August 26, 2012
Brooklyn, New York

Respectfully Submitted

By:    NKEREUWEM UMOH Esq. [NU-7233]
       25 Bond Street,
       2nd Floor
       Brooklyn, New York 11201
       Tel.  (718) 360-0527
       Fax No.      : (800) 516-5929